**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT MARETZ, et al., <br><br> Defendants. | Civil Action No.: 08-3334 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss by Defendants Maretz and Cappazoli ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion to dismiss is GRANTED.

**BACKGROUND**

*Pro se* plaintiff Martin Luther Rogers ("Plaintiff" or "Rogers") brings this action pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution by Defendants during Plaintiff's incarceration.

1

(Second Amended Complaint, 1) ("Compl."). As the Court writes only for the parties, it will only provide background necessary to the disposition of the present motion.[1]

The events which gave rise to this action occurred on the morning of July 25, 2007 at East Jersey State Prison in Avenel, New Jersey, where Plaintiff was previously incarcerated. (Compl. ¶¶ 6, 14). Plaintiff "was walking out of the inmate dining room . . . when during said time, [D]efendant Pasquale Cappazoli, the area supervisor, was present in the inmate dining room exit cage area with [D]efendant Robert Maretz, who manually controlled the inmate dining room exit gate door, and who, at said time, slammed the exit gate door or device several times against [P]laintiff's back; thereby proximately causing severe injuries, including but not limited to, [P]laintiff's back and violating [P]laintiff's relevant constitutional and Eight Amendment rights." (Compl. ¶ 14). It is Rogers' position that Defendant Maretz intentionally injured Plaintiff and that Defendant Cappazoli, the area supervisor was present, but failed to act, protect, or intervene on Plaintiff's behalf. (Compl. ¶¶ 15, 29-30). Plaintiff additionally alleges that Defendants Maretz and Cappazoli conspired to injure Plaintiff and to create false disciplinary reports. (Compl. ¶¶ 27, 33).

As a result of the events that took place on the morning of July 25, 2007, Plaintiff was placed in solitary confinement and charged with "tampering with or blocking any locking device" in violation of N.J.A.C. 10A: 4-4.1(a) *.154 . (Compl. ¶¶ 16, 18; Sarrol Decl. Ex A, <u>Martin L Rogers v. New Jersey Dept. of Corrections</u>, 2008 N.J. Super. Unpub. LEXIS 916, No. A-0083-07T2 (App. Div. September 12, 2008)). On July 25, 2007, Plaintiff filed an "Inmate Remedy System Form." (Compl. ¶¶ 12, 17). However, Plaintiff was charged with and pled guilty to an institutional

---

[1] Plaintiff's letter brief in opposition and Defendant's informal letter inlieu of a formal brief violate Local Rule 7.1. However, as no objection was raised to either and, with regard to Plaintiff's brief, as he is *pro se*, the Court will consider the submissions in this instance. See e.g., Holster v. McMaster-Carr Supply Co., Civ No. 04-1791, 2006 WL 2864643, at *12 n.9 (D.N.J. Oct. 4, 2006).

2

infraction, which was upheld by the East Jersey State Prison Administration. (Compl. ¶¶ 12, 18, 25).[2] On appeal, the institutional infraction was also upheld by both the East Jersey State Prison Administration, and on September 12, 2008 the Appellate Division of the Superior Court of New Jersey. (Compl. ¶ 12; Sarrol Decl., Ex. A). On December 4, 2008, the Supreme Court of New Jersey denied certification. (Compl. ¶ 13; Sarrol Decl., Ex. B, Martin L. Rogers v. New Jersey Dept. of Corrections, 197 N.J. 258, 962 A.2d 529 (2008)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief. For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." Twombly at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

---

[2] Pursuant to Federal Rule of Civil Procedure 12(d), if a court considers material submitted outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). A court may exclude such outside matters and treat the Rule 12 motions as labeled. Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2002). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (a court may consider a document that is integral to or explicitly relied on in the complaint without converting a motion to dismiss into one for summary judgment). Thus, the Court may properly consider the judicial opinions rendered by the courts of the State of New Jersey relating to the events of July 25, 2007.

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). However, where Plaintiff is a *pro se* litigant, a court should construe submissions liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("A *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers"); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004). With this framework in mind, the Court turns to Defendants' motion.

## DISCUSSION

In his Second Amended Complaint, Plaintiff Rogers states that he "has previously sought informal and formal relief from the appropriate administrative officials, the Appellate Division of the New Jersey Superior Court and the New Jersey Supreme Court regarding the acts complained of in the statement of claims." (Compl. ¶11). Plaintiff asserts that he was simply attempting to exit the inmate dining hall when he was intentionally injured by Defendants.

On the other hand, Defendants maintain that Plaintiff intentionally and improperly wedged himself in the exit gate. (Def. Mot to Dismiss, 4) ("Defs.' Br."). In addition, as discussed above, the validity of the disciplinary charge at issue was upheld by the Appellate

Division of the Superior Court of New Jersey and the Supreme Court of New Jersey declined to consider further appeal.

Res judicata embodies two distinct principles, claim preclusion and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892, 128 S.Ct. 216 (2008). Under the doctrine of claim preclusion, a final judgment bars "successive litigation of the very same claim, whether or not relitigation of the claims raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748, 121 S.Ct. 1808 (2001). In contrast, issue preclusion, or collateral estoppel, forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment *even if the issue recurs in the context of a different claim.*" Taylor v. Sturgell, 553 U.S. at 892 (citing New Hampshire, 532 U.S. at 748) (emphasis added); Allen v. McCurry, 449 U.S. 90, 94-96 (1980) (holding that preclusion principles apply to section 1983 actions). In this case, claim preclusion is not at issue as this proceeding and the state proceedings seek to adjudicate different claims, i.e. appeal of a disciplinary charge and claims arising under 42 U.S.C. § 1983.[3] However, as the East Jersey State Prison Administration[4] and courts of the State of New Jersey have already made several factual determinations regarding the disciplinary infraction issued to Plaintiff which would be

---

[3] In his Opposition, Plaintiff argues that the claims set forth in his Second Amended Complaint are not barred by the doctrine of res judicata because he asserts new claims that have not been litigated in state court and judged on the merits. (Pl. Opp'n, 1-2). While, particularly in light of his *pro se* status, Plaintiff's brief is well formulated and compelling, his argument overlooks the doctrinal distinction discussed above.

[4] "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata . . . ." University of Tennessee v. Elliot, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (citing Utah Construction & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)).

5

As per the Full Faith and Credit Act, 28 U.S.C. § 1738, this Court must "give the same preclusive effect to a state-court judgment as another court of that State would give." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, 125 S.Ct. 1517 (2005); Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). In a case related to state proceedings in New Jersey, such as this one, this Court applies New Jersey's state law on issue preclusion where the following requirements are met: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." Township of Middletown v. Simon, 193 N.J. 228, 236, 937 A.2d 949, 956-57 (N.J. 2008).

First, the factual issue regarding whether Plaintiff intentionally jammed himself in the exit gate is identical to the issue decided in the prior proceedings. In fact, that precise issue was litigated in the prior proceeding. (See Sarrol Decl. Ex. A). The Superior Court of New Jersey Appellate Division considered Plaintiff's and Defendants' competing versions of the event giving rise to both the instant litigation and Plaintiff's disciplinary charges and ultimately determined that "[d]espite the contrary statements by Rogers' witnesses, Maretz's statement, coupled with Rogers' admission, constitutes substantial evidence to support the finding of guilt." Id. at 4. In addition, the court in the prior state proceeding issued a final judgment on the merits. As the matter before the Appellate Division was the appeal of the "administrative determination that Plaintiff improperly wedged his body into the exit gate at the dining hall," the Court finds that the factual issues underlying the administrative determination under consideration there were

6

Plaintiff improperly wedged his body into the exit gate at the dining hall," the Court finds that the factual issues underlying the administrative determination under consideration there were essential to the prior judgment. Id. at 1. Finally, Plaintiff Rogers was a party to the prior litigation. Therefore, the Court finds that Plaintiff's claims are barred by collateral estoppel.[5]

## CONCLUSION

Therefore, for above stated reasons, Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is GRANTED. Accordingly, the Court dismisses with prejudice all claims asserted against Defendants Maretz and Cappazoli.

An appropriate Order accompanies this Opinion.

DATE: January 12, 2012

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[5] Defendants also argue that Plaintiff's claims are fatal for the following reasons: (1) the Rooker-Feldman doctrine applies; (2) Defendants are entitled to qualified immunity; (3) Plaintiff failed to demonstrate that he filed a notice of tort claim and cannot properly allege punitive damages; and (4) Plaintiff failed to allege facts sufficient to maintain his Eighth Amendment, Due Process, and conspiracy claims. (Defs.' Br., 1). However, as the Court has already determined that res judicata applies and bars Plaintiff's claims, the Court need not consider the additional grounds for dismissal that Defendants raise.